UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,
       Plaintiff,

v.                                       Case No. 07-C-1087

RACINE COUNTY, ALFRED T. GEORGE,
ROBERT D. CARLSON and JOHN DOES,
       Defendants.

## ORDER

Plaintiff, who is incarcerated at Green Bay Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $6.15. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of

2

course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was confined at the Racine County Jail at all times relevant. Plaintiff has sued defendants Racine County, Deputy Alfred T. George, Sheriff Robert D. Carlson, and John Does in their individual and official capacities.

According to the complaint, on or about January 27, 2005, at approximately 4:15 p.m., plaintiff and another inmate made fun of defendant George's first name. George, who apparently was serving meals at the time, responded by balling up the inmates' food and passing them their dinner trays. Plaintiff requested to see one of George's superiors and George subsequently left the unit. While George was gone, plaintiff used the toilet in his cell and during that time the water to his cell was turned off so he was unable to flush the toilet. Moments later George returned to the unit carrying and shaking a canister of pepper spray. Plaintiff asked George to turn the water back on in his cell so he could flush the toilet and wash his hands. George did not respond but instead, without warning, sprayed plaintiff and the other inmate with pepper spray. Plaintiff attempted to block the spray with his sheets. After a short time George stopped spraying and left the unit. Since he had no running water in his cell, plaintiff was forced to use the water from the toilet, which was contaminated with

3

urine, to wash off the pepper spray. George returned to the unit two more times to spray plaintiff and the other inmate with more pepper spray.

As a result of being pepper sprayed, plaintiff sneezed and gagged, and his eyes burned and watered. Since he had no running water or way to leave his cell, plaintiff was left to suffer in the contaminated cell covered in pepper spray. When George came into the unit to pass out medication, the other inmate apologized to George for making fun of him, and was given a change of clothes and a shower, and was moved to a different cell. After the other inmate was moved, George came back to the unit and sprayed air freshener. He then gave plaintiff his medication and plaintiff pleaded that he turn the water back on in his cell but George refused and instead insisted that plaintiff use the water from the toilet. When George left for the final time, plaintiff was itching, still gagging, and now crying and laying down under his mattress out of fear of being attacked by George.

At approximately 1:30 a.m., plaintiff heard a third shift officer and he stopped that officer and explained to him what had occurred earlier. The officer left and subsequently returned with several other officers and then plaintiff was given a shower, change of clothes, and a new cell.

Plaintiff claims that the unwarranted spraying of the pepper spray violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He seeks compensatory and punitive damages.

To prove an excessive force claim, plaintiff must show that the decision to use pepper spray on him was taken not as a good faith effort to restore discipline, but as a malicious and sadistic attempt to inflict suffering. Whitley v. Albers, 475 U.S. 312- 320-21 (1986); Ort v. White, 813 F.2d 318, 321-23 (11th Cir. 1987). Prison guards may use chemical sprays

when reasonably necessary to subdue recalcitrant prisoners, for orders must be obeyed, and there are only so many choices available to correctional officers when inmates refuse. Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984). While detaining an inmate for eight hours after using chemical agents without allowing him to wash his face amounts to the wanton infliction of pain and suffering, Williams v. Benjamin, 77 F.3d 756, 764-65 (4th Cir. 1996), holding the inmate until the disturbance has clearly ended does not, id. at 764, nor does waiting ten to twenty minutes before letting him wash off the spray, Jones v. Shields, 207 F.3d 491, 493, 496 (8th Cir. 2000).

I find that plaintiff has alleged sufficient facts to support a claim that defendant George violated his constitutional rights. He may proceed on an excessive force claim under the Eighth Amendment, if he was a prisoner, or the Fourteenth Amendment, if he was a pretrial detainee. See Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000); Wilson v. Williams, 83 F.3d 870, 876-77 (7th Cir. 1996).

However, the complaint fails to state facts indicating that defendants Sheriff Carlson or John Does violated plaintiff's rights. It does not allege any personal involvement by these defendants, as required by Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Nor has plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. Id. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not

5

create collective or vicarious responsibility. Id. Accordingly, Carlson and John Does will be dismissed from this action.

Additionally, the complaint does not contain any allegations with respect to defendant Racine County. Although counties are "persons" for purposes of § 1983, liability against counties nevertheless may not arise vicariously; counties cannot be held liable under § 1983 on a respondeat superior basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). Instead, counties are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as policy or custom. Id. at 690-91, 694. Unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). Because plaintiff has not alleged any facts indicating that Racine County has embraced any unconstitutional policies or customs, I will dismiss it from this action.

**Therefore,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Racine County, Robert D. Carlson, and John Does are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant Alfred T. George pursuant to

6

Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $343.85 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P.

5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge