UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

      Plaintiff,

v.                                                                                   Case No. 07-C-1087

ALFRED T. GEORGE,

      Defendant,

## ORDER

On May 1, 2008, I granted plaintiff's motion for leave to proceed in forma pauperis and ordered the United States Marshal to serve defendant Alfred T. George pursuant to Federal Rule of Civil Procedure 4. Although service was attempted on the defendant, he has not yet been served. On May 27, 2008, the waiver of service form, FORM-USM-285, was returned unexecuted with a remark that defendant George is no longer employed at the Racine County Jail and "rtn'd 285 to clerk of court for further action."

The United States Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis. See Fed. R. Civ. P. 4(c)(3). The Seventh Circuit Court of Appeals has ruled that an inmate has an obligation to provide sufficient information to identify a defendant. See Graham v. Satkoski, 51 F.3d 710, 712-13 (7th Cir. 1995). The Marshal then has the obligation to make reasonable efforts to find out the defendant's present address, even if the defendant is no longer employed by the state, county, prison, or jail. See id. In Graham, the Marshals Service had not served prison employees who no longer worked at the prison, and the record indicated that "no effort was made to ascertain the defendants' new locations." 51 F.3d at 712. The court held that the district court erred

by not questioning the sufficiency of the Marshals Service's efforts to locate the former employees, and remanded the case for the district court to "evaluate the Marshals Service's efforts and the adequacy of the state disclosure procedures." Id. at 713.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that, on or before September 2, 2008, (the date specified by Federal Rule of Civil Procedure 4 for completion of service of process in this case), the United States Marshal shall ascertain the address of the unserved defendant and shall serve the unserved defendant. If the defendant has refused to accept service by mail, personal service must be effected in conformity with Federal Rule of Civil Procedure 4. The address ascertained for purposes of service need not be disclosed to plaintiff and the certificate of service may be filed under seal with the court. If service is not completed, the Marshal shall submit an affidavit explaining what efforts were made to obtain the address of the unserved defendant. This affidavit shall be filed on or before September 3, 2008.

Dated at Milwaukee, Wisconsin, this 6 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge